[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 5261-K
Plaintiff brings this action by Amended Complaint dated November 11, 1994 for legal fees and expenses for legal work on a file later transferred to defendants. The plaintiff has released his claims against Frank J. Riccio (Riccio).
The defendant Dana J. Beyer (Beyer) has filed an answer and three special defenses: (1) Accord and satisfaction; (2) alleged promise to pay was made by another; and (3) plaintiff only entitled to quantum meruit and no basis "established" for such pay.
Facts
Plaintiff at all relevant times was a practicing Connecticut lawyer. On or about September 17, 1992 a New York attorney named Robert W. Seiffert (Seiffert), on behalf of one Etta C. Hong (Hong) hired Beyer who was a Connecticut lawyer employed as an associate in plaintiff's law office on a contingency fee basis in regard to a negligence case. Beyer worked on the Hong file until he left plaintiff's office on July 16, 1993. During that time plaintiff's office spent $877.25 in preparation for trial in the Hong matter.
On or about July 19, 1993 Beyer became employed by Riccio, another practicing Connecticut attorney, and on or about July 29, 1993 Hong discharged Shapera and asked that her file be sent to Riccio "in care of Dana J. Beyer." On August 12, 1993 plaintiff sent the entire Hong file to Riccio's office "Attention Dana J. Beyer" with a letter of enclosure. Plaintiff and Beyer agreed to "abide by Formal Opinion 31 of the Committee on Professional Ethics of the Connecticut Bar Association." Beyer agreed to pay plaintiff's expenses.
Beyer and Riccio settled Hong's case on or about October 29, 1993 for $45,000. Hong had agreed to pay one-third of that sum as attorney's fees plus expenses.
Plaintiff has been paid $5,000 as attorney's fee and $877.25 for his full expenses. Seiffert in accordance with his agreement with all parties was paid $5,000. Riccio has received $2,000, Beyer $5,081 and Hong $29,041.75.[1]
CT Page 5261-L
The court has examined the file folders of plaintiff in regard to the Hong case (Exhibit 6) and finds them orderly and appropriate.
Law
The parties each point to "Revised Formal Opinion 31" but to different parts.
The plaintiff points to the fifth paragraph which states in pertinent part: "We hold that a discharged lawyer on a contingency fee violates Rule 1.16(d) when he retains the file after demand for its surrender if . . .(b) successor counsel provides the discharged lawyer with a letter that he will hold in his client's funds sufficient proceeds from the settlement to pay the discharged lawyer what he would have been entitled to under his contingency fee agreement . . . until the fee dispute is resolved by a court or otherwise."
This provision does not set the discharged lawyer's fee but only the security for it up to "what he would have been entitled to under his contingency fee agreement."
Defendant points to the second paragraph of Opinion No. 31 which says in pertinent part: "Some aspects of our opinion remain intact. Rule 1.16(a)(3) and Comment. The lawyer will be paid in quantum meruit rather than by contract. Cole v.Myers, 128 Conn. 223, 229 . . . ."
When we look at the Cole case we see that the court has spelled out the discharged attorney's right to compensation as follows:
 "An attorney at law is an officer of the court; a minister of justice. He is entitled to fair compensation for his services, but since, because of the highly confidential relationship, the client may discharge him even without just cause, he should receive reasonable compensation for the work he has done up to that point, and not the agreed fee he probably would have earned had he been allowed to continue in his employment. This rule is not unfair to the attorney. CT Page 5261-M He will receive fair compensation for what he has done; his position as an officer of the court does not entitle him to receive payment for services he has not rendered." id. 230.[2]
 Special Defenses
The court cannot find that Beyer has proven his defense of accord and satisfaction.
When Beyer and Riccio took this case plaintiff had an implied right to "receive reasonable compensation for the work he has done up to that point."
Plaintiff has produced evidence from which the court may determine what a reasonable fee would be.
Fair and reasonable compensation for the work plaintiff did prior to July 29, 1993 is $6,250.
Judgment for plaintiff for $6,250.
Norris L. O'Neill State Judge Referee